IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALEXANDER DICKERSON,

                Plaintiff,

v.                                                   OPINION and ORDER

BUREAU OF INDIAN AFFAIRS and LAWRENCE        25-cv-704-jdp
WILLIAM BRUNETTE,

                Defendants.

---

Plaintiff Alexander Dickerson, proceeding without counsel, alleges that defendants fraudulently deprived his family of its interests in federal Indian lands. Defendant Bureau of Indian Affairs moves to dismiss Dickerson's claims against the Bureau pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 7. The Bureau argues that the complaint should be dismissed because, among other reasons, it is barred by sovereign immunity.

The court concludes that sovereign immunity applies because Dickerson's allegations and a warranty deed incorporated into the complaint by reference show that the government claims an interest in the federal Indian lands at issue. Defendant Lawrence William Brunette died before Dickerson brought this case, which precludes Dickerson from proceeding against Brunette. I will grant the Bureau's motion and dismiss the complaint without leave to amend.

BACKGROUND

The background is drawn from the complaint and the warranty deed incorporated into it by reference, which I may consider on a motion to dismiss. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

Dickerson brought a small claims action in the Sawyer County Circuit Court against the Bureau and Brunette. Dkt. 1-1. The Bureau removed the complaint to this court. Dkt. 1. In the complaint, Dickerson alleges that Brunette, under the alias Lawrence William Manypenny, filed a fraudulent warranty deed to 80 acres of "federal Indian Land in the 1980s." *Id.* at 5. The warranty deed, which was recorded in July 1980, says that the land was purchased by the United States in trust for Brunette. Dkt. 20-3 at 2. Dickerson alleges that Brunette "claimed a false identity as direct descendant of the Manypenny family who inherited the land through probate." Dkt. 1-1 at 5. The land, according to Dickerson, belongs to the family of Mandy F. Manypenny. Dickerson says his late wife, Charlotte Lois Manypenny Dickerson, "is listed as Mandy F. Manypenny's rightful heir on her official [Bureau] Will and Testament." *Id.* Dickerson adds that when Brunette filed the fraudulent warranty deed, the Bureau "conducted a Right of Way agreement without the Manypenny family['s] input." *Id.* Dickerson seeks damages and injunctive relief. *See id.*

ANALYSIS

The Bureau's sovereign immunity argument is conclusive, so I will not consider its other reasons for dismissal.

The Quiet Title Act of 1972, 28 U.S.C. § 2409a, is "the exclusive means by which adverse claimants [can] challenge the United States' title to real property." *Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 286 (1983). In adopting the Act, "Congress waived the United States' sovereign immunity to suits challenging the United States' title to land." *Shawnee Trail Conservancy v. U.S. Dep't of Agric.*, 222 F.3d 383, 388 (7th Cir. 2000). But this waiver of sovereign immunity is limited, including by "the preservation of immunity in

cases where the United States claims an interest in land as trust or restricted Indian land." *Id.* (citing 28 U.S.C. § 2409a(a)). "[W]hen the United States claims an interest in real property based on that property's status as trust or restricted Indian lands, the . . . Act does not waive the Government's immunity." *United States v. Mottaz*, 476 U.S. 834, 843 (1986).

Dickerson alleges that Brunette filed a fraudulent warranty deed to federal Indian lands and that the Bureau granted him a right of way to those lands. The warranty deed says that the land was purchased by the United States in trust for Brunette. Dickerson's allegations and incorporated warranty deed show that the government claims an interest in the lands as trust or restricted Indian lands. Dickerson's claims, which center on a transaction that occurred in 1980, are barred by sovereign immunity. Dickerson does not directly address the Bureau's jurisdictional argument in his response, and he appears to concede that the government claims an interest in the property. *See* Dkt. 9 at 3–4 (stating that the Bureau "started omitting lands from the Manypenny-Dickerson inventory without permission" and that the government has "stolen" the property).[1] I will grant the Bureau's motion and dismiss Dickerson's claims against the Bureau.

That leaves Dickerson's claims against Brunette. A party cannot maintain a federal lawsuit against a dead person. *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 955 (9th Cir. 2020). Substitution of a proper party for a dead person is allowed in some cases under Federal Rule of Civil Procedure 25(a)(1). *Macklin v. Serrano*, No. 19-cv-583, 2020 WL 6323079, at *2 (E.D. Wis. Oct. 28, 2020). But substitution is not allowed where, as here, the

---

[1] Dickerson filed an identical response after the Bureau replied. *See* Dkt. 20.

person died before the lawsuit was brought. *Id.* Public records show that Brunette died in 2002. I will not allow Dickerson to proceed against Brunette.

When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But leave to amend doesn't have to be granted if it's clear, as it is here, that further amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

ORDER

IT IS ORDERED that:

1. The Bureau of Indian Affairs' corrected motion to dismiss, Dkt. 7, is GRANTED, and the complaint, Dkt. 1-1, is DISMISSED without leave to amend.

2. The Bureau's original motion to dismiss, Dkt. 2, is DENIED as moot.

3. The clerk of court is directed to enter judgment and close the case.

Entered November 24, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge